772 So.2d 966 (2000)
STATE of Louisiana
v.
Darian ROBINSON.
No. 99-KA-2236.
Court of Appeal of Louisiana, Fourth Circuit.
November 29, 2000.
Rehearing Denied December 27, 2000.
*969 Harry F. Connick, District Attorney, Nicole Brasseaux Barron, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Edward K. Bauman, Louisiana Appellate Project, Lake Charles, LA, Counsel for Defendant/Appellant.
Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER and Judge JAMES F. McKAY, III.
WALTZER, Judge.

STATEMENT OF THE CASE
On 14 August 1998, the State charged defendant Darian Robinson by bill of information with possession of cocaine with the intent to distribute; to which defendant entered a plea of not guilty on 18 August 1998. On 16 September 1998 defendant appeared with counsel for probable cause hearing. The trial court found probable cause and set the matter for trial. On 30 September, the original trial date, defendant appeared with counsel and elected to proceed to trial by judge in open court. On 8 October 1998, defendant was tried and found guilty as charged. He waived all delays and requested immediate sentencing, whereupon the trial court sentenced him to seven and one-half years at hard labor. Counsel noted his objection for the record. Defendant appealed his conviction and sentence. We affirm.

STATEMENT OF THE FACTS
Officer Rhett Charles testified that at 9:00 p.m. on 3 June 1998, while in the area of 1500 North Robertson Street, he and his partner, Officer Joe Tallant, turned the corner onto Columbus Street. They were approached by a very irate man who told them that someone was selling narcotics in front of his apartment building at 1532 North Robertson. Officer Charles took control of this man, identified as Mr. Williams, and Officer Tallant took control of defendant. Officer Tallant testified that he took defendant to the passenger side of the police car and patted him down, whereupon he found $120.00 in cash on defendant's person, which he gave back to defendant. Mr. Williams told Officer Charles where defendant hid his drugs; and Officer Charles climbed onto a railing and looked in the gutter above Mr. Williams' front door where he saw a cigarette paper containing several pieces of a rock-like substance. Officer Charles climbed down and showed his partner what he had found. Defendant then fled the scene. Officer Charles testified that he called for assistance and had the area surrounded, but defendant was not found. Officer Charles obtained a warrant for defendant's arrest based on information found on defendant's identification card that indicated that defendant lived in the 1500 block of North Robertson. Officer Charles stated that defendant lived four or five houses away from the apartment complex.
James Williams testified that he asked the officers to get defendant away from his front door because defendant was trespassing. He further testified that he was angry because the defendant was selling drugs from Williams' front porch. Williams stated that he showed the officers where the drugs were kept. He said that he knew that was where the drugs were kept because he had seen defendant put them there. He also stated that he was nervous about testifying because there had been threats on his life.
Defendant testified that the crack cocaine found in the gutter did not belong to him. He further testified that he knew Williams from the neighborhood and stated that Williams "clicked out" on him. He also testified that he fled when the police found in the cocaine in the gutter because he did not want the police to charge him for a crime he had not committed He denied having threatened Williams or having directed others to threaten Williams.

ERRORS PATENT
A review of the record shows an error with regard to defendant's sentence *970 in that the trial court failed to order that the first five years of the sentence be served without benefit of parole, probation, or suspension of sentence. La. R.S. 40:967(B)(4)(b). The sentence is illegally lenient; but, because this is an error patent favorable to defendant and the State has not complained, the illegally lenient sentence cannot be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986). There are no other errors patent.

FIRST ASSIGNMENT OF ERROR: The evidence was insufficient to prove defendant's guilt
Defendant contends that the State failed to prove that he possessed the cocaine found in the gutter because of the uncorroborated and questionable testimony of James Williams. He further argues that there was no evidence that he intended to sell the cocaine.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Also, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
When circumstantial evidence forms the basis for the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact can be inferred according to reason and common sense. State v. Shapiro, 431 So.2d 372 (La.1982). Such evidence must also exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible alternative hypothesis suggested by the defendant could afford an exculpatory explanation of the events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, cert. den. Davis v. Louisiana, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994). This is not a separate test from Jackson v. Virginia, but is instead an evidentiary guideline and facilitates appellate review of whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984).
To support a conviction for possession with intent to distribute a controlled dangerous substance, the State must prove that defendant knowingly and intentionally possessed the drug with the intent to distribute it. State v. Smith, 94-1502 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078. Moreover, the State need only establish constructive possession, rather than actual or attempted actual possession of cocaine, to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983). A person found in the area of the contraband can be considered in constructive possession if the illegal substance is subject to his dominion and control. Id.
Determining whether the defendant had constructive possession depends upon the circumstances of each case; and, among the factors to be considered in determining whether the defendant *971 exercised dominion and control sufficient to constitute constructive possession are: whether the defendant knew that illegal drugs were present in the area; the defendant's relationship to the person in actual possession of the drugs; whether there is evidence of recent drug use; the defendant's proximity to the drugs; and, any evidence that the area is frequented by drug users. State v. Allen, 96-0138 (La. App. 4 Cir. 12/27/96), 686 So.2d 1017.
Factors from which an intent to distribute can be inferred include: whether the defendant ever distributed or attempted to distribute the drug; whether the drug was in a form usually associated with possession for distribution to others; whether the amount of the drug possessed created an inference of an intent to distribute; whether expert or other testimony established that the amount of the drug found in the defendant's possession is inconsistent with personal use; and whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute. State v. Hearold, 603 So.2d 731 (La.1992).
Viewing the evidence in the light most favorable to the prosecution, we conclude that the State presented sufficient evidence of defendant's guilt. The trial judge must have found credible Williams' testimony that he saw defendant selling drugs that were kept in the gutter in Williams' apartment building. Defendant's flight after the police retrieved the bag of crack cocaine from the gutter supported an inference that the bag of contraband belonged to defendant. This assignment of error is without merit.

SECOND ASSIGNMENT OF ERROR: The trial court erred in not allowing defendant to cross-examine State's witness James Williams by questioning Williams about his history of mental problems.
Under the Sixth Amendment to the United States Constitution, a defendant has the right to confront the witnesses against him. La. C.E. art. 611(B) provides that a witness may be cross-examined on any matter relevant to any issue in the case. The trial court has the discretionary power to control the extent of the examination of witnesses as long as the court does not deprive the defendant of his right to effective cross-examination. State v. Hawkins, 96-0766 (La.1/14/97), 688 So.2d 473.
La. C.E. art. 607(D)(1)provides in relevant part that extrinsic evidence to show a witness' defect of capacity is admissible to attack his credibility. In State v. Morris, 429 So.2d 111 (La.1983), the Supreme Court held that mental abnormality either at the time of observing the facts or at the time of testifying will be provable on cross-examination or by extrinsic evidence as bearing on credibility. See also La. C.E. art. 607(B).
At trial, when defendant attempted to ask Williams whether he received disability payments, Williams invoked the Fifth Amendment. The trial judge stated that Williams was not to be asked about his personal business, but she would allow counsel to put it on the record. After Williams finished testifying, defense counsel stated that Williams' disability was a mental one and then stated:
Specifically this witnesses' [sic] ability  this witnesses' disability particularly pertaining to a mental condition are as important as the ability to see and the ability to hear, which has been set out in the case law. My line of question [sic] is not to embarrass or cause harm to this witness. However, my client has the Sixth Amendment right to effectively cross-examine a witness who is a sole witness, who is bring [sic] testimony against him in jeopardizing his liberty and his freedoms. And in that regard, I wanted to present the following questions to him. Number One: If in fact he is receiving government disability on which he took the Fifth Amendment. Second of all, let me find out exactly *972 what is the basis on which he is receiving government disability, which I believe will result in the fact that it is a psychological disability which is an impairment which hinders his ability to be a witness, to testify and effectively come forward and bring the testimony on Direct [sic] that he is bringing on my client, and bring it on to an effective cross-examination.
In furtherance of that, I wanted to determine the exact disability and if there were any medication on which he is [sic]. And furthermore, if there were any medications which he were required should be structured to be under [sic] and he was not under it at this time this incidence [sic] was before the Court. And at which time he was acting apparently, extremely irate to offer testimony in this case.
In furtherance of that I believe that there would be two additional questions as far as his treatment or his medical condition or his disability or psychological conditions which severely deflect [sic] his direct testimony that he has given in connection with this case, and severely jeopardize my client's ability to cross-examine and defend himself in this case.
The prosecutor replied that there was no testimony that Williams suffered from any kind of mental disability; and, he pointed out that Williams was obviously nervous and scared for his life. The prosecutor further stated that there is no indication that a person is disturbed because he is on disability.
Although defendant was precluded from asking Williams whether he received disability benefits, he was not barred from asking Williams whether he suffered from any mental abnormalities at the time he observed the facts to which he testified. In other words, defendant should have specifically asked Williams about any alleged mental problems rather than whether he received disability payments. This assignment of error is without merit.

THIRD ASSIGNMENT OF ERROR: the trial court erred in imposing an excessive sentence of seven and one-half years and failed to consider the guidelines set forth in La.C.Cr.P. art. 894.1.
Defendant did not file a motion for reconsideration of sentence as required by La.C.Cr.P. art. 881.1, but he did enter an oral objection to the sentence. Because he made an oral objection to the sentence, he is relegated to having this court consider the bare claim of excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992). The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, supra. The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
Generally, the reviewing court must determine whether the trial judge adequately complied with the guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983). If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case. State v. Egana, 97-0318 (La.App. 4 Cir. 12/3/97), 703 So.2d 223. Where the record clearly *973 shows an adequate factual basis for the sentence, resentencing is unnecessary even when there has not been full compliance with Article 894.1. Id.
The trial judge gave no reasons for the sentence, but she noted that defendant had a 1997 conviction. The sentencing range for a conviction of possession of cocaine with the intent to distribute is from five to thirty years; thus, defendant's sentence is in the lower end of the range. Although the trial judge did not fully comply with Article 894.1, a remand for a new sentencing hearing is not necessary. There is an adequate factual basis in the record for the sentence considering the facts of the offense and defendant's having admitted to a prior drug conviction. The trial judge did not abuse her discretion in the sentence imposed. This assignment of error is without merit.

CONCLUSION AND DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
PLOTKIN, J., dissents with reasons.
PLOTKIN, J., dissenting with reasons.
James Williams was the sole eyewitness to the events giving rise to this case. His importance as a witness gave his testimony great weight in the determination of the outcome of the trial. At trial, Williams' testimony was defensive, confused and at times nonsensical. Based on his testimony, a rational trier of fact could have found that Williams had a mental abnormality.
Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). The defendant's right to confront and cross-examine witnesses is guaranteed by the Sixth Amendment to the United States Constitution, and is a fundamental right applicable to the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Louisiana Constitution and the Louisiana Code of Evidence also support this right. State v. Labran, 97-2614, p. 7 (La.App. 4 Cir. 5/26/99), 737 So.2d 903, 907, writ denied, 99-1981 (La.1/7/00), 752 So.2d 175 (citing La. Const. art. I § 16 (1974) and La. C.E. art. 611(B)).
"Mental abnormality either at time of observing facts or at time of testifying will be provable on cross-examination or by extrinsic evidence, as bearing on credibility." State v. Morris, 429 So.2d 111, 120 (La.1983)(on appeal after remand). "Defects of capacity, sensory or mental, which would lessen ability to perceive facts which witness purports to have observed, are provable to attack witness' credibility, either upon cross-examination or by producing other witnesses to prove the defect." State v. Luckett, 327 So.2d 365, 372 (La.1975); see also La.Code Evid. art. 607(C).
In the instant case, defense counsel asked Williams at trial, "Sir, do you receive disability assistance at this time?" Williams invoked the Fifth Amendment and the court stated to defense counsel "I need you not to ask him any of his personal business." Counsel then stated "I need to put something in the record," and the trial court responded "I will allow you to put anything you want on the record; but not ask him that question."
Counsel has a right to examine the mental state of a witness. Morris, 429 So.2d at 120; Luckett, 327 So.2d at 372. This state recognizes the broad scope of cross-examination to facilitate this purpose. See La. C.E. art 611(B).
The question at issue in this case was not the kind of question that is so personally embarrassing or harassing to be excluded. See La. C.E. art. 611(A). Furthermore, the witness' nonsensical *974 testimony does not support the trial court's decision to overrule the question.
Under Morris, this type of question should be allowed, because it is relevant to the witness' possible mental disability at the time of testifying. Likewise, defense counsel should have been allowed to question the witness about his mental state or treatment, as it relates to the time of the incident or the time of testifying.
The action of the trial court in refusing to allow further cross-examination on Williams' mental state was in error. The trial court was overly protective of the witness. The jury had the right to know about the witness' mental state to determine his credibility. Accordingly, the error of the trial court entitles defendant to a new trial.
For the foregoing reasons, I respectfully dissent.