JAMES F. McKAY III, Judge.
 

 | STATEMENT OF THE CASE
 

 The appellant, Aaron Lawrence, was charged by bill of information with violations of La. R.S. 40:966(A)(1), to wit, one count of possession of heroin with intent to distribute, and one count of possession with intent to distribute cocaine. The appellant was also charged with a violation of La. R.S. 14:95.1, the crime of being a convicted felon in possession of a firearm.
 

 The appellant entered pleas of not guilty to all charges on March 21, 2007. On March 28, 2007, the court granted the appellant’s motion to sever his case from that of his brother, Jonathan T. Lawrence.
 
 [1]
 
 All prior motions from the first, dismissed case (467-166 “F”) were adopted into the instant case (467-229 “F”).
 

 The appellant appeared for trial on May 21, 2007, and elected to be tried by a jury. Following the trial, the appellant was found guilty of the lesser included offenses of attempted possession of heroin and attempted possession of cocaine. The jury was unable to reach a verdict on the charge of being a felon in possession of a firearm, and a mistrial was entered as to that count.
 

 pOn May 24, 2007, the appellant filed a motion for a new trial. On June 6, 2007, he filed a motion for post-verdict judgment of acquittal. On June 13, 2007, testimony was taken regarding the appellant’s post-trial motions. On June 20, 2007, the trial court denied the appellant’s post-trial motions. On that same date, the state filed a bill of information charging the appellant as a multiple offender pursuant to La. R.S. 15:529.1.
 

 On August 9, 2007, the appellant appeared for trial on the charge of being a felon in possession of a firearm and was found not guilty. On that same date, the appellant filed a motion to quash the multiple bill. The trial court denied the motion to quash on August 30, 2007.
 

 On September 14, 2007, the appellant appeared for an adjudication hearing on his status as a habitual offender. Following the hearing the trial court found the appellant to be a second offender. As to count one, the attempted possession of heroin, the trial court sentenced the appellant to serve ten years in the custody of the Louisiana Department of Corrections. As to count two, the attempted possession of cocaine, he was sentenced to a term of
 
 *899
 
 two years and six months. Both sentences were to be served concurrently without benefit of probation or suspension of sentence.
 

 STATEMENT OF FACTS
 

 In May of 2006, following complaints of drug activity in the 2700 block of Robert Street in New Orleans, Louisiana, New Orleans Police Department (“NOPD”) assigned second district officers John O’Brien and Anthony Polidore to investigate the complaints. On May 13, 2006, while on foot patrol in the area the officers observed an open door on a FEMA trailer. As they approached within [ ^approximately fifteen feet of the trailer they detected the odor of burning marijuana emanating from the trailer door.
 

 The officers approached the front door and announced their presence. The defendant, Aaron Lawrence, exited the trailer door. A second subject, later identified as Jonathan Lawrence, also exited the trailer, and fled the scene by jumping over the wooden porch railing. Officer O’Brien testified on direct examination that he chased the second subject, Jonathan Lawrence, on foot. Jonathan Lawrence temporarily eluded capture but was ultimately arrested.
 

 Officer O’Brien testified that about a half hour later, after giving chase to the second subject, he returned to the trailer. Officer O’Brien climbed the porch steps and observed through the open trailer door what appeared to be either an AK-47 or an SKS assault rifle located approximately six feet away from the threshold of the trailer door. The officer was also able to see two bags containing white powder and two freshly smoked marijuana cigarettes. When Officer O’Brien entered the trailer to retrieve the firearm which was lodged between the trailer wall and a sofa, it was discovered that the weapon contained forty live rounds of ammunition. Officer O’Brien, while in the trailer, also discovered unspecified quantities of heroin, cocaine, a piggy bank containing money, several plastic sandwich bags, and ammunition which matched the caliber of the weapon seized.
 

 Officer Polidore testified that after advising Aaron Lawrence of his
 
 Miranda
 
 rights, the defendant stated that he was selling drugs because he needed money to support his pregnant girlfriend. On cross-examination, the officer conceded that the statement had not been recorded at the time it was made, included in any police report, nor were there any witnesses to the appellant’s statement. Officer Poli-dore acknowledged that he never saw Aaron Lawrence in possession of any contraband. |4Officer Polidore noted that Officer O’Brien had gathered all of the evidence regarding the contraband.
 

 The defense called Ms. Lottie Irvin, the appellant’s grandmother, as a witness. Ms. Irvin is the owner of the FEMA trailer where the appellant was arrested. She testified that the trailer was parked in front of her residence which was undergoing repairs at the time of the incident. She further testified that she did not actually live in the trailer, but rather allowed various members of her family, including her grandsons, to use the trailer. She also testified that on the day of the arrest, May 13, 2006, she had left money with the appellant to give to the contractor in her absence. Finally, she testified that she had never seen or had knowledge of the existence of drugs or guns in her trailer.
 

 As its final witness, the defense called Mr. Byron Vallery, a contractor, who testified that he had made arrangements to pick up money on the day in question from the appellant for the purpose of buying supplies for the repair work at Ms. Irvin’s home. He testified that when he arrived at the scene, he saw police cars and police
 
 *900
 
 officers gathered near the trailer. Realizing that he would not be able to complete his intended task, he left the scene.
 

 At the end of the trial, the defense moved for a directed verdict of acquittal on the grounds that the evidence presented was insufficient to support a conviction. The motion was denied.
 

 ERRORS PATENT
 

 There were no errors patent.
 

 DISCUSSION
 

 ASSIGNMENT OF ERROR # 1
 

 | ¡¿The appellant argues that the trial court erred in denying the appellant’s post-verdict motion of acquittal as the evidence adduced at trial was insufficient to support the verdicts of guilty of attempted possession of heroin and attempted possession of cocaine. Specifically, the appellant asserts that the State failed to establish that the appellant had the requisite intent to possess either substance found in the trailer.'
 

 The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under
 
 Hudson v. Louisiana,
 
 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, reviewing the evidence in accord with
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that' all of the elements of the offense have been proved beyond a reasonable doubt.
 
 State v. Hearold,
 
 603 So.2d 731 (La.1992). The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia, supra.
 

 This Court set out the well-settled standard for reviewing convictions for sufficiency of the evidence in
 
 State v. Ragas,
 
 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
 

 In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Green,
 
 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime.
 
 State v. Mussall,
 
 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational | (jtriers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.
 
 Mussall; Green;
 
 supra. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.”
 
 State v. Smith,
 
 600 So.2d 1319 (La.1992) at 1324.
 

 In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.
 
 State v. Shapiro,
 
 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded.
 
 *901
 
 La. R.S. 15:438. This is not a separate test from
 
 Jackson v. Virginia, supra,
 
 but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt.
 
 State v. Wright,
 
 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard.
 
 State v. Jacobs,
 
 504 So.2d 817 (La.1987). 98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting
 
 State v.
 
 Egana, 97-0318, pp. 5-6 (La. App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
 

 The appellant argues in the instant case that no evidence was found which directly linked the appellant to the trailer or its contents except that it was owned by his grandmother, and that therefore, the case against him is entirely circumstantial. The appellant asserts that because testimony elicited at trial revealed that numerous people had access to the trailer; the state’s evidence does not preclude the possibility of his innocence. He cites La. R.S.15:438, which states: “The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
 

 The appellant was convicted of attempted possession of heroin and of attempted possession of cocaine. He admitted to possession of those substances after being read his
 
 Miranda
 
 rights. To support a conviction for possession of any such contraband, the State must prove that a defendant knowingly possessed the 17contraband.
 
 State v. Chambers,
 
 563 So.2d 579, 580 (La.App. 4 Cir.1990). The State need not prove that the defendant was in actual possession of the contraband in question; constructive possession is sufficient to support the conviction.
 
 See State v. Trahan,
 
 425 So.2d 1222, 1226 (La.1983); see also
 
 State v. Cann,
 
 319 So.2d 396, 397 (La.1975).
 

 A person not in physical possession of contraband may have constructive possession when that contraband is under that person’s dominion and control.
 
 State v. Jackson,
 
 557 So.2d 1034 (La.App. 4 Cir. 1990). Determination of whether a defendant had constructive possession depends on the circumstances of each case. See also
 
 State v. Sykes,
 
 2004-1199, p. 7, (La. App. 4 Cir. 3/9/05), 900 So.2d 156, 162.
 

 The evidence shows not only did the appellant intend to possess the drugs, but that the appellant admitted to the officers that he was selling drugs to support his pregnant girlfriend. He was found in a trailer containing not only heroin, cocaine and marijuana drugs but also drug paraphernalia (plastic bags) arguably indicia of drug distribution. Compounding the problem was a significant amount of cash found on his person. Further, as adduced at trial, is the fact that the officers were in the exact area of the FEMA trailer where the appellant was found while investigating a complaint of drug distribution. Considering all of this evidence in a light most favorable to the prosecution it was clearly established that the appellant had specific intent to possess the narcotics located in the FEMA trailer.
 

 While the appellant may not have been seen in physical possession of the drugs, in light of the above cited jurisprudence the circumstances described clearly place the appellant in possession thereof. There is sufficient evidence to support the jury’s verdict. Therefore, this Court concludes that the trial court correctly ^denied the motion for post-verdict judgment of acquittal. This assignment of error is without merit.
 

 
 *902
 
 ASSIGNMENT OF ERROR # 2
 

 The appellant argues that the district court erred in limiting the defense’s cross-examination of Officer Polidore, regarding the length of time that he had been on the police force when the instant crime occurred.
 

 During the course of the trial the defense attempted to question Officer Poli-dore concerning his previous testimony, in an unrelated case, in which he had testified that he had been a police officer for one year. The appellant asserts that this statement contradicted his later testimony in which he testified that he had been a police officer for four months. The trail court sustained the States objection to the defendant’s line of questioning.
 

 The appellant contends that the trial court erred in restricting his constitutional right to confront and cross-examine the state’s witnesses, in that Officer Polidore’s responses to the question of his length of service with the NOPD were and are important to establishing his lack of credibility. He argues that because the state’s case rests so heavily upon the credibility of this officer, that credibility should rightly have been open to attack before a jury.
 

 The Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the right to be confronted with the witnesses against him. La. Const. Art. 1, § 16,
 
 State v. Schexnayder,
 
 96-98, p. 18 (La.App. 5 Cir. 11/26/96), 685 So.2d 357, 358. The main and essential purpose of the confrontation right is to secure, for the opponent, the opportunity of cross-examination.
 
 State v. Robinson,
 
 01-0273, p. 5 (La.5/17/02), 817 So.2d 1131, 1135. In addition, the confrontation clause of the Louisiana State Constitution ^affords an accused the right to confront and cross-examine the witnesses against him.
 
 Id.
 
 Encompassed in the right of confrontation is the right of the accused to impeach a witness for bias or interest.
 
 Schnexnayder,
 
 96-98 at 18, 685 So.2d at 368. The right to expose a witness’s motivation in testifying is both a proper and important function of the constitutionally protected right of cross-examination. La. C.E. art. 607(D);
 
 State v. Nash,
 
 475 So.2d 752, 755 (La.1985);
 
 State v. Chester,
 
 97-2790, p. 15 (La.12/1/98), 724 So.2d 1276, 1286.
 

 An accused is entitled to confront and cross examine the witnesses against him. La. Const, art. 1, § 16. La. C.E. art. 611(B) provides that a witness may be cross-examined on any matter relevant to any issue in the case. Due process affords a defendant the right of full confrontation and cross examination of the State’s witnesses.
 
 State v. Van Winkle,
 
 94-0947, p. 5 (La.6/30/95), 658 So.2d 198, 201-202.
 

 The trial court has the discretionary power to control the extent of the examination of witnesses as long as the court does not deprive the defendant of his right to effective cross-examination.
 
 State v. Hawkins,
 
 96-0766, p. 6 (La.1/14/97), 688 So.2d 473, 479;
 
 State v. Robinson,
 
 99-2236, p. 6 (La.App. 4 Cir. 11/29/00), 772 So.2d 966, 971,
 
 rev’d on other grounds,
 
 2001-0273 (La.5/17/02), 817 So.2d 1131. It has been held that evidentiary rules may not supercede the fundamental right to present a defense.
 
 Id.
 
 However, evidence may be excluded if it is irrelevant.
 
 See State v. Casey,
 
 99-0023, pp. 18-19 (La.1/26/00), 775 So.2d 1022, 1037. Further, confrontation errors are subject to the harmless error analysis; the verdict may stand if the reviewing court determines that the guilty verdict rendered in the particular trial was surely unattributable to the error.
 
 State v. Broadway,
 
 96-2659, p. 24 (La.10/19/99), 753 So.2d 801, 817.
 

 
 *903
 
 |inThe trial court has great discretion to control the extent of examination of witnesses.
 
 State ex rel. Nicholas v. State,
 
 520 So.2d 377, 380 (La.1988). La. C.E. article 611(A) provides, in pertinent part, that the trial court:
 

 shall exercise reasonable control over the mode and order of the interrogating witnesses and presenting evidence so as to:
 

 (1) Make the interrogation and presentation effective for the ascertainment of the truth;
 

 (2) Avoid needless consumption of time; and
 

 (3) Protect witnesses from harassment or undue embarrassment.
 

 A witness, on cross-examination, may be questioned on any matter relevant to any issue in the case, including credibility. La. C.E. article 611(B). However, relevant evidence may be excluded if its “probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” La. C.E. article 403. All evidence including attacking the credibility of a witness is subject to the balancing test of the La. C.E. article 403. Absent an abuse of discretion, a trial court’s ruling on the scope and extent of cross-examination will not be disturbed on review.
 
 State v. Coleman,
 
 406 So.2d 563 (La.1981);
 
 State v. Fleming,
 
 574 So.2d 486 (La.App. 4th Cir.1991).
 

 The appellant argues that the trial court erred by not allowing a full examination of Officer Polidore concerning his statements relevant to his time with the NOPD. We do not find that the trial court committed any error in limiting the scope of cross examination. This Court in
 
 State v. Legendre,
 
 2005-1469 pp. 9-10, (La.App. 4 Cir. 9/27/06), 942 So.2d 45, 52, has held that:
 

 The proper standard of review is as follows:
 

 The correct inquiry is whether the reviewing court, assuming that the damaging potential of the cross-examination were fully | n realized, is nonetheless convinced that the error was harmless beyond a reasonable doubt.... Factors to be considered by the reviewing court include “the importance of the witness’ testimony in the prosecution’s case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution’s case.”
 

 The trial court found that the defendant was attempting to impeach Officer Poli-dore on a collateral issue and that the limited probative value of impeachment was outweighed by the undue risk of confusion of the issues. The trial court acted within its discretion to limit the defendant’s line of questioning in its attempt to impeach the State’s witness through the used if irrelevant discrepancies in prior testimony. Based upon applicable law and jurisprudence we find that this assignment is without merit.
 

 For the above and foregoing reasons we affirm the appellant’s convictions and sentences.
 

 AFFIRMED.
 

 [1]
 

 . Jonathan T. Lawrence was also charged by bill of information with two counts in violation of La. R.S. 40:966(A)(1).