JAMES F. MCKAY III, Judge.
 

 | STATEMENT OF CASE
 

 On December 7, 2007, the State filed a bill of information charging the appellant, Dwayne White, with possession of cocaine pursuant to La. R.S. 40:967(C). He entered a not guilty plea on January 3, 2008. A hearing on motions began on February 11, 2008, and concluded on February 19, 2008, with the district court finding probable cause, denying the motion to suppress the evidence, and granting the motion to suppress the statement. Following a jury trial on April 28, 2008, the appellant was found guilty as charged. He was sentenced on May 5, 2008, to serve a suspended four-year sentence. The appellant was placed on four years of active probation with special conditions, fines, and fees imposed. His motion for appeal was granted on July 14, 2008.
 

 STATEMENT OF FACT
 

 New Orleans Police Officers Torres and Mitchell and Sergeant LaCabe were on patrol in a marked police vehicle on the evening of November 3, 2007. They were
 
 *200
 
 on North Dorgenois Street at approximately 7:00 p.m. when they observed a red Ford Mustang traveling southbound on O’Reilly Street. The Mustang stopped for a stop sign, and the officers observed that the driver of the Mustang was not 12wearing a seatbelt. The window on the Mustang was down, and the street was well lit by streetlights.
 

 As the Mustang continued further down the street, the driver failed to yield to a Regional Transit Authority bus traveling down St. Bernard Avenue, causing the driver of the bus to apply the breaks in order to avoid a collision with the Mustang. At that point, the officers decided to initiate a traffic stop. Officer Mitchell, who was driving, positioned the police vehicle behind the Mustang, and activated the lights, siren, and spotlight. After a short distance, the driver of the Mustang pulled over onto the side of the road. However, just before the Mustang stopped, Officer Torres and Sergeant La-Cabe observed the passenger of the Mustang extend his arm outside of the window and drop two white objects onto the pavement.
 

 Sergeant LaCabe, who was sitting in the front, passenger seat of the police vehicle, kept his focus on the dropped objects. Once the vehicle stopped, he immediately went to the discarded objects. He retrieved the objects, and he informed Officers Torres and Mitchell that the objects appeared to be crack cocaine. The two occupants of the Mustang, Russell Davis and Dwayne White, were ordered out of the vehicle. Officer Torres informed the passenger, who was later identified as Dwayne White, that he was being arrested for possession of the two bags of cocaine, and he was advised of his rights. The driver of the Mustang, Russell Davis, was also handcuffed and placed in the back seat of the police vehicle with Dwayne White until after the canine unit searched the vehicle and found no additional contraband.
 
 [1]
 
 After ascertaining that there were no drugs in the |3vehicle the officers released Mr. Davis and issued him a citation for no seat belt, failure to yield, and no driver’s license.
 

 At trial, the parties stipulated to the fact that Officer John Palm was an expert in the examination and identification of cocaine and that the substance discarded by the appellant from the Mustang tested positive for cocaine.
 

 ERRORS PATENT
 

 None.
 

 ASSIGNMENT OF ERROR NUMBER 1
 

 By his first assignment of error, the appellant asserts that he was prevented from presenting his case because the trial court limited cross-examination insofar as he tried to show that the wrong person was arrested and that the officers were less than truthful in their testimony.
 

 The Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the right to be confronted with the witnesses against him. An accused is entitled to confront and cross examine the witnesses against him. La. Const, art. I, § 16. La. C.E. art. 611(B) provides that a witness may be cross-examined on any matter relevant to any issue in the case. Due process affords a defendant the right of full confrontation and cross examination of the State’s witnesses.
 
 State v. Van Winkle,
 
 94-0947, p. 5 (La.6/30/95), 658 So.2d 198, 201-202. The trial court has the discre
 
 *201
 
 tionary power to control the extent of the examination of witnesses as long as the court does not deprive the defendant of his right to effective cross-examination.
 
 State v. Hawkins,
 
 96-0766, p. 6 (La.1/14/97), 688 So.2d 473, 479;
 
 State v. Robinson,
 
 99-2236, p. 6 (La.App. 4 Cir. 11/29/00), 772 So.2d 966, 971,
 
 reversed on other grounds,
 
 2001-0273 (La.5/17/02), 817 So.2d 1131. It has been held that evidentiary rules may not | supersede the fundamental right to present a defense.
 
 Id.
 
 However, evidence may be excluded if it is irrelevant. See
 
 State v. Casey,
 
 99-0023, pp. 18-19 (La.1/26/00), 775 So.2d 1022, 1037.
 

 A witness, on cross-examination, may be questioned on any matter relevant to any issue in the case, including credibility. La. C.E. article 611(B). However, relevant evidence may be excluded if its “probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” La. C.E. article 403. All evidence including attacking the credibility of a witness is subject to the balancing test of the La. C.E. article 403. Absent an abuse of discretion, a trial court’s ruling on the scope and extent of cross-examination will not be disturbed on review.
 
 State v. Coleman,
 
 406 So.2d 563, 568 (La.1981);
 
 State v. Fleming,
 
 574 So.2d 486, 495 (La.App. 4th Cir.1991).
 

 Further, confrontation errors are subject to the harmless error analysis; the verdict may stand if the reviewing court determines that the guilty verdict rendered in the particular trial was surely unattributable to the error.
 
 State v. Broadway,
 
 96-2659, p. 24 (La.10/19/99), 753 So.2d 801, 817.
 

 The appellant cites several instances of the trial court sustaining objections made by the State during defense counsel’s cross-examination of Officers Torres and Mitchell.
 

 The appellant argues that counsel was prevented from questioning Officer Torres about the owner of the vehicle, Ms. Pamela White. Ms. White arrived at the scene after the defendant had been arrested. At some point, after it was ascertained that there was no contraband in the vehicle, the Mustang was relinquished to Ms. White. Ms. White testified for the defense and stated that she was Dwayne | ^White’s aunt, and the driver of the vehicle, Russell Davis, was her son. Ms. White also verified that the windows on her Mustang were tinted.
 
 [2]
 

 At trial, Officer Torres admitted that Ms. White came to the scene and that this fact was left out of the police report.
 
 [3]
 
 Counsel then asked the officer whether he spoke to the woman, and he replied that he did not. Next, counsel asked who gave Ms. White back her keys, and the officer replied that he did not know. Counsel then continued this line of questioning attempting to have Officer Torres verify that he did not know who gave the woman her keys. The State objected. The court sustained the objection, finding the issue concerning Ms. White to be irrelevant. The trial court noted “I don’t see the relevancy of returning of the keys to a lady who may have owned the vehicle.”
 

 We find no abuse of discretion in the trial court’s ruling sustaining the objection on relevancy grounds. Who returned the keys to the owner of the vehicle is irrelevant to the issue of whether the appellant
 
 *202
 
 physically possessed cocaine.
 
 [4]
 
 Officer Torres had already admitted to the omission of this information from his report. However, even if the trial court erred in sustaining the objection, the error was harmless because the guilty verdict was surely unattributable to any such error.
 
 Id.
 
 at 817.
 

 The appellant also argues that he was thwarted in his attempts to question Officer Mitchell regarding the absence of any mention in the police report of the K-9 unit being deployed as the K-9 unit’s failure to find additional drugs was the |r,basis for the release of the driver of the vehicle. The trial court found this line of questioning concerning the absence of information as to how and when the K-9 unit was called to the scene to be irrelevant and a collateral issue. The evidence the defense counsel sought to elicit was not relevant to the appellant’s guilt or innocence based on the instant facts. Notably, Officer Mitchell was not the author of the report, and he would not have been privy to Officer Torres’ reasons for omitting this detail. Moreover, counsel had already thoroughly questioned Officer Torres’ regarding the matter. Officer Torres stated that it was error on his part for not having included the information in the police report. This claim is without merit.
 

 The appellant contends that he was prevented from questioning Officer Mitchell about the owner of the vehicle coming to retrieve her car. The line of questioning to which he refers begins with counsel asking Officer Mitchell whether he remembered Ms. White coming to the scene and asking why her son was being arrested. Counsel then asked whether the officer remembered his reasons for releasing the driver. The State objected, and the district court again sustained the objection on relevancy grounds, noting that if counsel believed the driver possessed the alleged cocaine, he could argue that to the jury.
 

 Officer Mitchell testified that he did not remember the owner coming to retrieve her vehicle. Counsel asked the officer where he was during that time, and the State objected. The trial court sustained the objection by again noting that the fact of Ms. White’s coming to retrieve her vehicle was irrelevant to the issue before the jury. There appears to be no error in that ruling for reasons noted above in defence counsel’s cross examination of Officer Torres. Here, counsel attempted to attack the credibility of the officer by his lack of memory; however, the fact that |7Ms. White arrived at the scene after the arrest of appellant is irrelevant to the issue of whether the appellant possessed cocaine.
 
 [5]
 
 In any event, if an error is presumed, it was harmless.
 
 Id.
 
 at 817.
 

 Additionally, as a part of this assignment of error, the appellant complains that the trial court prevented him from asking Officer Mitchell any details concerning the Regional Transit Authority bus that almost collided with the Mustang.
 
 *203
 
 In this particular instance, counsel asked whether the officer obtained the name of the driver of the bus or the number on the front of the bus, and the officer replied that he did not because no accident occurred. Counsel then asked the officer whether Regional Transit Authority buses have numbers on them, and the State objected. The trial court sustained the objection on relevancy grounds. There is no error in this ruling. The number of the bus that almost collided with the Mustang is irrelevant to the issue of whether appellant possessed cocaine.
 

 The appellant also asserts that the district court thwarted his attempts to elicit testimony from Officer Mitchell that would show that the wrong person had been arrested. Appellant’s theory of the case is in essence that the police arrested the wrong person and that the police officers were less than truthful in their testimony. The appellant complains that it was judicial error as he was improperly prevented from demonstrating that the driver, Russell Davis, not the appellant/passenger, Dwayne White, was actually guilty of the instant act of possession.
 

 IsThe appellant testified as to his version of the events that transpired relevant to his arrest for possession of cocaine. He asserted that once they were pulled over by the officers, both he and his cousin were placed on the back of the vehicle and searched. The officers found nothing. Approximately twenty minutes later, Sergeant LaCabe returned saying he found something alongside the road that appeared to be cocaine. He then asked which of the two men was going to take the blame for the cocaine. When neither he nor his cousin replied, Sergeant La-Cabe decided to arrest appellant for the cocaine. The appellant asserts that he was arrested for the cocaine possession because of another case that he and Sergeant LaCabe were involved in which he was never convicted. After appellant posted bail, he filed a report against Sergeant LaCabe with the Public Integrity Unit of the police department, and the investigation was ongoing. Appellant also denied tossing the cocaine out of the Mustang. He testified that his window was closed and that he never told the officers that the cocaine was his.
 

 In rebuttal, Sergeant LaCabe denied saying anything to appellant regarding a previous case that he worked on involving the appellant. He also stated that he was aware of the complaint filed against him by appellant. The officer testified further that after being advised of his rights, appellant admitted to having thrown narcotics from the Mustang.
 

 In the instant case, Officer Torres and Sergeant LaCabe each testified that he directly observed appellant discard cocaine rocks to the ground through the passenger side window of the red Mustang. On his behalf, the appellant and Ms. White both testified, contradicting testimony of the State’s witnesses, denying that he ever possessed cocaine, and implying either that the contraband belonged to Russell Davis or that Sergeant LaCabe had planted the narcotics on the appellant. 1aWhich of the two versions of the events that transpired was more plausible is clearly a question of credibility and fact to be made by the jury. We cannot decipher the allegations made by defense counsel on this issue. However, what is reinforced by the record is that this issue was ultimately determined by the jury that the defendant was guilty as charged.
 

 In sum, the district court properly sustained all of the State’s objections on relevancy grounds. This Court discussed relevant evidence in
 
 State v. Hall,
 
 2002-1098, p. 8 (La.App. 4 Cir. 3/19/03), 843 So.2d 488, 495-196:
 

 
 *204
 
 Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. Relevant evidence is generally admissible. La. C.E. art. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403.
 

 A trial court’s ruling as to relevancy will not be disturbed absent a clear abuse of discretion.
 
 State v. Lewis,
 
 97-2854 (La.App. 4 Cir. 5/19/99), 736 So.2d 1004;
 
 State v. Badon,
 
 95-0452 (La.App. 4 Cir. 11/16/95), 664 So.2d 1291. A trial court is vested with much discretion in determining whether the probative value of relevant evidence is substantially outweighed by its prejudicial effect. See
 
 State v. Lambert,
 
 98-0730 (La.App. 4 Cir. 11/17/99), 749 So.2d 739;
 
 State v. Brooks,
 
 98-0693 (La.App. 4 Cir. 7/21/99), 758 So.2d 814.
 

 None of the evidence sought to be elicited by defense counsel as to the ownership of the car, the presence of the K-9 unit, the presence of Pamela White on the scene, or the number of the Regional Transit Authority bus, was directly related to the decisive issue before the jury, namely, whether the appellant was observed by officers discarding cocaine from the passenger window of the | inMustang that they were in the process of pulling over. These issues have no bearing on the existence of any fact that was of consequence to the determination of the action, and would not make such facts more or less probable in the mind of the jury.
 

 There was no clear abuse of discretion in the district court’s sustaining the State’s relevancy objections. This assignment of error is without merit.
 

 ASSIGNMENT OF ERROR NUMBER 2
 

 By his final assignment of error, the appellant asserts that the trial court erred in commenting upon the evidence in front of the jury.
 

 La.Code Crim. P. art. 772 provides:
 

 The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
 

 One element of a fair trial is the requirement of complete neutrality on the part of the judge.
 
 State v. Jones,
 
 593 So.2d 802, 803 (La.App. 4 Cir.1992). It is the duty of the trial judge to abstain from any expression of opinion or comment on facts or evidence in a criminal jury trial.
 
 State v. Williams,
 
 375 So.2d 1379 (La.1979). Reasons given by the trial judge in the jury’s presence for his rulings on objections for admitting or excluding evidence or explaining the purpose for which evidence is offered or admitted are not objectionable as comments or expressions of opinion provided they are not unfair or prejudicial to the accused.
 
 State v. Edwards,
 
 420 So.2d 663, 679 (La.1982).
 

 The instances to which the appellant refers are the same as those noted above in his first assignment of error. In the first instance, the State’s objection to defense counsel’s questions surrounding the returning of the keys to the owner of |nthe Mustang was sustained on relevancy grounds, the court finding that the fact was collateral to the real issue in the case. The second instance involves defense counsel’s attempt to question Officer Mitchell regarding the absence of any mention in the police report of the K-9 unit being
 
 *205
 
 deployed. The court sustained the State’s objection on relevancy grounds and again noted that it was a collateral issue. The third instance involves defense counsel’s questioning of Officer Mitchell regarding his reasons for releasing the driver of the Mustang. Again, the district court sustained the State’s objection on relevancy grounds, noting that his reason for releasing the driver is of no moment. The fourth instance involves the number on the front of the Regional Transit Authority bus that almost collided with the Mustang. The court sustained the State’s objection on relevancy grounds.
 

 As the four examples clearly illustrate, the district court merely explained its reasons for sustaining the State’s objections; it neither commented on the evidence in a manner prejudicial to the appellant, nor, did it imply an opinion as to the appellant’s guilt or innocence.
 

 In fact, the district court explicitly explained on the record its role in determining the admissibility of evidence and its ability to comment on the evidence when it admonished:
 

 Ladies and gentlemen of the Jury, I want you to know that the law allows the Judge to offer an explanation of why he or she is ruling the way they are. The law allows me to do what I just did, as I appreciate the law. The law does not allow me to comment on the evidence. I am not commenting on the evidence. I’m commenting on whether or not it’s admissible or not. And because I’ve ruled it’s not admissible, I’m explaining why. That’s all.
 

 The court clearly made an effort to enlighten the jury as to its role in the case and to insure that the jurors did not view his comments as going to the weight of the evidence against the appellant. Therefore, the district court’s comments were 1 ^permissible and do not constitute error. Accordingly, this assignment of error is without merit.
 

 Based on applicable law and jurisprudence we find no abuse of discretion by the trial court in limiting cross-examination by the defense counsel at trial. Based on the above and foregoing we find no error in the trial court’s permissible commentary on the evidence in the presence of the jury. Accordingly, we affirm the defendant’s conviction and sentence.
 

 AFFIRMED.
 

 [1]
 

 . The K-9 unit was called after the Mustang was stopped and the passengers were removed from the vehicle.
 

 [2]
 

 . Officer Torres and LaCabe could not remember whether the windows on the Mustang were tinted.
 

 [3]
 

 . Officer Torres was the author of the police report.
 

 [4]
 

 . As the State correctly notes, this case does not involve "constructive” possession of cocaine. Two officers testified that they observed appellant physically discard cocaine from the passenger window of the Mustang. Hence, establishing ownership of the vehicle is really of no consequence.
 

 [5]
 

 . Based upon questions asked of Sergeant LaCabe, who testified after Officer Mitchell, counsel apparently sought to get before the jury the possibility that the driver was released only because Ms. White begged the officers to release him. However, the officers testified consistently that her son was released only after the canine failed to alert to any additional drugs inside the Mustang. Though Ms. White testified at trial for the defense, counsel failed to question her regarding her alleged conversation with the officers insofar as she begged for her son’s release.